UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK-JOSEPH GROULX,

        Plaintiff,

v.

CHINA NATIONAL CHEMICAL COMPANY,
and SYNGENTA,

        Defendants.
_____/

Case No. 1:24-cv-11760

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND DENYING MOTION AS MOOT**

In July 2024, Magistrate Judge Patricia T. Morris issued a report recommending this Court *sua sponte* dismiss Plaintiff Patrick-Joseph Groulx's *in forma pauperis* product liability complaint as barred by claim preclusion, noting Plaintiff filed a nearly identical complaint in 2022 which was dismissed for frivolity and failure to state a claim. Plaintiff filed two timely objections to Judge Morris's report. For reasons explained below, both objections will be overruled. Judge Morris's report will be adopted in full, Plaintiff's Complaint will be dismissed, and Plaintiff's pending motion for alternate service will be denied as moot.

**I.**

In 2019 Plaintiff Patrick-Joseph Groulx avers he was exposed to a chemical called "Boundary 6.5 EC" which "affected his skin, lungs, nerves, bones, blood, and muscles," prevented him from "having an orgasm for 14 days," damaged his "GI Tract," caused frequent diarrhea, and prevented him from eating normally. ECF No. 1 at PageID.4–5. Accordingly, on July 8, 2024, Plaintiff filed a *pro se* product liability Complaint against Defendants China National Chemical

Company ("ChemChina") and its subsidiary, Syngenta—two entities Plaintiff maintains collectively manufacture Boundary 6.5 EC—seeking "$28,000,000,000,000 (twenty-eight trillion dollars)" in damages. *See id.* at PageID.6.

The same day Plaintiff filed his Complaint, Plaintiff filed an application to proceed *in forma pauperis* (IFP), ECF No. 2. Three days later, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris, ECF No. 5, who granted Plaintiff's application to proceed IFP, ECF No. 6. On July 22, 2024, Plaintiff filed a motion for alternative service. ECF No. 8.

But the next day, Judge Morris issued a report (R&R) recommending this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). ECF No. 7. Judge Morris specifically concluded that Plaintiff's Complaint is barred by claim preclusion, because he filed a nearly identical *pro se* complaint two years ago, which was similarly dismissed for frivolity and failure to state a claim. *Id.* at PageID.44–50 (citing *Groulx v. People's Republic of China*, No. 22-11369, 2022 WL 17291405, at *2 (E.D. Mich. Nov. 28, 2022) (hereinafter *Groulx I*). Judge Morris correctly explained that a claim is properly precluded when (1) the instant action involves the same parties as the prior action or their privities; (2) a final decision on the merits was rendered in the prior action; and (3) the claims in the instant action mirror the claims in the prior action, or share a common nucleus of fact such that the instant claims "should have been" pursued in the prior action. *Id.* at PageID.47–48 (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) and *Wheeler v. Dayton Police Dept.*, 807 F.3d 764, 766 (6th Cir. 2015)).

First, Judge Morris concluded that this case and *Groulx I* involved the same parties. *Id.* at PageID.48 ("[B]oth Defendants here—Syngenta and ChemChina—were defendants in [Plaintiff's] first action."). Second, Judge Morris concluded that this Court's 2022 dismissal in

*Groulx I* constituted a final judgment on the merits. *Id.* at PageID.49. Third, Judge Morris concluded that, although the product liability claims here do not mirror the Fifth and Fourteenth Amendment constitutional claims Plaintiff pursued in *Groulx I*, all claims share the same nucleus of operative fact such that *Groulx I* is still claim preclusive. *Id.* Indeed, Judge Morris noted that, in *Groulx I*, Plaintiff filed a motion to amend his complaint to add the very product liability claim he now pursues, but his motion was denied because this Court concluded this amendment and claim were futile. *Id.*; *see also Groulx I* at *3 (noting that, even if his complaint was amended to include a product liability claim, "[P]laintiff could not recover from any of the defendants").

On July 30, 2024, Plaintiff filed two timely objections to Judge Morris's R&R. ECF Nos. 9; 10.

**II.**

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection which fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties

cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Each of Plaintiff's objections, ECF Nos. 9; 10, assert that Judge Morris incorrectly analyzed an element of the claim preclusion analysis. Plaintiff's first objection argues that Judge Morris erred in finding that this action and *Groulx I* involved the same parties. ECF No. 9. Plaintiff's second objection argues that Judge Morris erred in concluding that this Court's dismissal in *Groulx I* was a final decision on the merits with preclusive effect. ECF No. 10. Each objection will be addressed in turn.

### A.

In his first Objection, Plaintiff argues that *Groulx I* and this case do not involve sufficiently similar parties, such that Judge Morris erred in concluding his Complaint is barred by claim preclusion. ECF No. 9 at PageID.63–64. Specifically, Plaintiff argues that, in *Groulx I*, he sued *only* the People's Republic of China whereas, here, he sues ChemChina and Syngenta. *Id.*

True, in *Groulx I*, Plaintiff listed the "People's Republic of China" as the named defendant. *Groulx I*, ECF No. 1 at PageID.7. However, Plaintiff expressly sued "ChemChina" and

"Syngenta," too, alleging that both were controlled by the Chinese government. *See id.* (identifying defendant as "People's Republic of China (PRC), aka . . . []ChemChina[], Syngenta"). And Judge Morris expressly considered this distinction when she nevertheless concluded both *Groulx I* and this case involve the same parties. ECF No. 7 at PageID.44 ("While Groulx named China as the sole defendant [in *Groulx I*], he listed 'ChemChina' and 'Syngenta' as the Country's aliases. For that reason, [in *Groulx I*, this Court] construed Groulx's complaint to list all three entities as defendants."); *see also Groulx I* at *1 ("Groulx lists the People's Republic of China as the only defendant. This is because, as Groulx explains, Syngenta is owned by a company called ChemChina, which is a state-run, Chinese enterprise. . . . [H]e lists China as the sole defendant because he views Syngenta, [ChemChina], and China as the same entity." (internal citations omitted)).

Accordingly, Plaintiff's first objection, ECF No. 9, will be overruled. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (noting "objections" which "simply summarize[] what has been presented before" are not proper objections under Civil Rule 72). Judge Morris correctly concluded that the above-captioned case involves the same parties as *Groulx I*.

**B.**

In his second objection, Plaintiff argues that the 2022 dismissal in *Groulx I* was not a final decision on the merits with preclusive effect because "China was never served with the complaint." ECF No. 10 at PageID.84. This argument is without merit. In *Groulx I*, Plaintiff's 2022 complaint was *sua sponte* dismissed for failure to state a claim and for frivolity. *Groulx I*, at *2. Regardless of reasoning, this prior dismissal was a final decision on the merits with preclusive effect on Plaintiff's instant claims. *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) ("A prior Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief should be granted operates

as an adjudication on the merits for issue and claim preclusion purposes."); *Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) (noting dismissals of IFP complaints for frivolity under 28 U.S.C. § 1915(e) "have res judicata effect").

Plaintiff's second objection will be overruled. Judge Morris correctly concluded that this Court's 2022 dismissal of *Groulx I* was a final decision on the merits with preclusive effect here.

**C.**

Although Plaintiff's objections will be overruled, Judge Morris's R&R will be adopted in full, and Plaintiff's Complaint will be dismissed under the doctrine of res judicata as precluded by *Groulx I*, Plaintiff's Complaint may also be properly dismissed under the Prisoner Litigation Reform Act ("PLRA") "three strikes rule."

Under the PLRA three-strikes rule—which applies equally to both prisoners and non-prisoners—an IFP complaint "*must* be dismissed" if the plaintiff "has had at least three other [IFP] complaints dismissed as frivolous, malicious, or not stating a claim for which relief could be granted." *Groulx v. People's Republic of China*, 647 F. Supp. 3d 563, 564 (E.D. Mich. 2022) (emphasis added) (citing 28 U.S.C. § 1915(g)). Frivolity importantly includes dismissals for lack of jurisdiction or standing. *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999); *Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018). The *only* exception to this three-strikes rule is if the instant IFP complaint plausibly alleges that the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

At least five of Plaintiff's prior IFP complaints have been dismissed as frivolous, malicious, or failing to state a claim:

(1) *Groulx I* (dismissing complaint for frivolity and failure to state a claim);
(2) *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12297 (E.D. Mich. Nov. 17, 2022), ECF No. 6 at PageID.115 (dismissing complaint for "fail[ing] to plead sufficient facts to justify the invocation of the Court's diversity jurisdiction");

  (3) *Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7055158, at *1 (E.D. Mich. Oct. 12, 2022) (dismissing complaint for failure to state a claim);
  (4) *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12050 (E.D. Mich. Sept. 13, 2022), ECF No. 5 at PageID.46 (dismissing complaint "for want of jurisdiction");
  (5) *Groulx v. Dollar Gen. Corp.*, No. 1:21-CV-10811, 2021 WL 2258732, at *2 (E.D. Mich. June 3, 2021) (dismissing complaint for "for lack of standing")

Indeed, two cases brought by Plaintiff since these frivolous dismissals have been expressly dismissed under the PLRA three-strikes rule. *Groulx v. People's Republic of China*, 647 F. Supp. 3d 563, 565 (E.D. Mich. 2022) (dismissing Plaintiff's claims against China regarding TikTok's deletions of his marijuana videos); *Groulx v. Zawadski*, 635 F. Supp. 3d 574 (E.D. Mich. 2022). Thus, under the three-strikes rule, Plaintiff's Complaint *must* be dismissed unless he plausibly alleges that he is "imminent danger of physical injury." 28 U.S.C. § 1915(g).

  Plaintiff has not done so. Although Plaintiff pleads a plethora of injuries resulting from his alleged 2019 exposure to Boundary 6.5 EC, almost all alleged injuries already occurred and are thus not "imminent." *See* ECF No. 1 at PageID.4–5 (alleging Plaintiff could not orgasm for a 14-day period in 2019, experienced a "build up" of mucus throughout 2020, experienced an allergic reaction "about 4 months" after the 2019 exposure, and Plaintiff's "GI tract was damaged"); *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (noting, to satisfy the three-strikes rule exception, an IFP plaintiff must show a "presently existing, continuing imminent danger"); *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (concluding an IFP plaintiff's "assertion that he or she faced danger in the past is insufficient to invoke the exception"). The only injuries Plaintiff alleges as persistent are trouble sleeping, trouble eating, and an unspecified "agitation issue." ECF No. 1 at PageID.5. But these injuries are both speculative and insufficiently severe to render the three-strikes rule exception applicable. *See Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (holding "speculative" injuries without supporting alleged facts do not invoke

the three-strikes rule exception); *see also Taylor v. First Med. Mgmt.,* 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

In sum—in addition to the doctrine of claim preclusion—Plaintiff's Complaint is barred by the PLRA three-strikes rule.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's objections to Judge Morris's Report and Recommendation, ECF Nos. 9; 10, are **OVERRULED.**

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 7, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's Motion for Alternative Service, ECF No. 8, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: August 20, 2024                     s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge